UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT CLINKENBEARD, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 24-cv-0252 (APM) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

This matter is before the court on Defendants' Motion to Dismiss (ECF No. 18) and supporting memorandum (ECF No. 18-1, "Defs.' Mem."), and *pro se* Plaintiff Robert Joseph Dale Clinkenbeard's Motion to Expedite Judicial Review (ECF No. 23, "Mot. to Expedite"). The court grants the motion to dismiss, and denies the motion for expedited review as moot.

**I.   BACKGROUND**

Plaintiff is currently in the custody of the Federal Bureau of Prisons ("BOP") and is "serving sentences for violations of 18 U.S.C. § 922(g)(1), 922(g)(9), and 924(a)(2), Possession of a Firearm by a Felon and a Person Convicted of Domestic Violence, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 924(c)(1)(A), Use of Firearm During and in Relation to a Drug Trafficking Crime." Compl., Ex. (ECF No. 1-1 at 17, Regional Administrative Remedy Appeal, Part B-Response) (page numbers designated by CM/ECF); *see* Judgment in a Criminal Case, *United States v. Clinkenbeard*, No. 5:18-cr-4064 (N.D. Iowa Mar. 26, 2019) (ECF No. 36).

Plaintiff describes his offenses as the "peaceful," Compl. at 4, and "simple sale of an unloaded rifle followed by the subsequent but uncontemporaneous [sic] gifting of less than $30.00 worth of narcotics," *id.*; *see id.* at 6. According to Plaintiff, neither offense is violent, *see id.* at 1, 4, asserting that the mere "possession by a felon during and in relation to a drug trafficking crime

is not by itself a 'crime of violence,'" *id*. at 4; *see id*. at 8; *see also* Mot. for Leave to Submit Brief in Support of Compl. (ECF No. 11) at 2.  Plaintiff denies ever having brandished, fired, or attempted to fire the rifle, *see* Compl. at 4, or having used or threatened to use physical force against another person, *see id*. at 5.  Nevertheless, pursuant to its Program Statement 5162.05, Classification of Offenses ("P.S. 5162.05"), BOP deems Plaintiff's offenses to be violent by simply "point[ing] to the statute of conviction itself," Compl. at 6, without, according to Plaintiff, "provid[ing] a sufficient explanation or adequate rationalization for how the determination of 'violent' was reached," *id*. at 3; *see id*. at 4.  Instead, he asserts, BOP makes its determination based solely on the statute Plaintiff violated without first consulting his presentence investigation report to determine whether his individual actions were indeed violent.  *See id*. at 4–5.

Plaintiff alleges that P.S. 5162.05, and its inclusion of violations of 18 U.S.C. §§ 922(g) and 924(c) in its list of violent offenses, "is overbroad, as applied, to [his] specific individual circumstances," *id*. at 4, because his "offense does not meet the definition of ["crime of violence" under] [18 U.S.C. §] 924(c)(3)," *id*. at 5.[1]  The "violent" classification carries over to Plaintiff's Recidivism Risk Assessment for purposes of the First Step Act, *see* 18 U.S.C. §§ 3631-35, by which BOP assesses an inmate's risk of recidivism using the Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN"), *see* Compl. at 7.  Plaintiff's "Recidivism Risk Assessment currently reads: 'TRUE' for the 'Violent Offense' category."  *Id*.  For this reason, he alleges, the recidivism score is "a gross over-representation of [his] actual recidivism risk."  *Id*. at 5; *see id*. at 3.

---

[1] The term "crime of violence" means "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3).

As a result, Plaintiff allegedly is denied benefits for which he might have been eligible if he were classified as a "non-violent" offender. *See id*. at 5; *see also* Mot. for Leave to Supplement Brief (ECF No. 12) at 2. For example, *see* Compl. at 5, Plaintiff states that an inmate convicted of a non-violent offense could qualify under 18 U.S.C. § 3621(e)(2)(B) for a one-year sentence reduction upon completion of a residential drug abuse treatment program, or under 18 U.S.C. § 3624(c)(2) for home confinement, or under 28 C.F.R. § 550.55 for early release. In addition, Plaintiff alleges, *see* Compl. at 5, he is "now considered 'MEDIUM' for 'Violent Risk'" for security classification purposes, rendering him ineligible for benefits for which an inmate "considered a 'LOW' level for 'Violent Risk'" would be eligible under 18 U.S.C. § 3632(d).[2]

Plaintiff brings this action under the Administrative Procedure Act ("APA"), *see* 5 U.S.C. §§ 701-06, asserting that BOP's "determination of 'violent' [is] arbitrary and capricious," Compl. at 4; *see id*. at 3. He also brings claims, *see* Compl. at 1, 6, 8, under the Fifth and Fourteenth Amendments to the Constitution, arguing that BOP's determination violates the Due Process Clause, U.S. Const. amend. V, § 1, and the Equal Protection Clause, U.S. Const. amend. XIV, § 1. Plaintiff seeks an order that Defendants "reverse their former position in the determination of 'violent'," *id*. at 8, and make a change to his Recidivism Risk Assessment, *id*., among other relief, *see id*. at 8–9. Because his "anticipated [residential reentry center] placement date [is] November 26, 2024," Mot. to Expedite at 1, Plaintiff deems "[i]t . . . essential that the requested changes to the determination of 'violent' to 'non-violent' be made prior to [his] release . . . in order for the relief to be meaningful," *id*. He explains that BOP's Recidivism Risk Assessment score will affect

---

[2] Generally, pursuant to the First Step Act, BOP "shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs," 18 U.S.C. § 3632(d), such as transfer to an institution closer to the inmate's release residence, *see id*. § 3632(d)(2), and time credits, *see id*. § 3632(d)(4). Prisoners convicted under 18 U.S.C. § 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime, are not eligible to receive time credits. *Id*. § 3632(d)(4)(D).

3

"the intensity of . . . probation," *id.*, and, perhaps, the duration of probation, *id.* at 2, after release from custody.

## II.  LEGAL STANDARD

Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. Such a motion "tests the legal sufficiency of a claim." *Sickle v. Torres Advanced Enter. Sols., LLC,* 884 F.3d 338, 344 (D.C. Cir. 2018); FED. R. CIV. P. 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible" if a plaintiff pleads facts which "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The court accepts a plaintiff's factual allegations as true and "construe[s] the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (internal quotation marks omitted). But the court need not accept as true "inferences . . . unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). If the facts as alleged fail to establish that the plaintiff has stated a claim upon which relief can be granted, the court must grant the defendant's Rule 12(b)(6) motion and dismiss the complaint. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

Plaintiff here is proceeding *pro se*. The court not only must construe his complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it also must "consider his filings as a

whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

## III.   DISCUSSION

BOP designates Plaintiff a MEDIUM security prisoner, *see* Compl. at 5, and in the "medium" category for risk of recidivism, *see id*; *see also id.*, Ex. (ECF No. 1 at 10, FSA Recidivism Risk Assessment (PATTERN 01.03.00)).   Plaintiff's challenges his security classification and his PATTERN score are doomed from the start.

*First*, the APA does not apply to claims of this sort.  18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."); *see Kowalewski v. Warden, FCI Fort Dix*, No. 23-cv-20320, 2024 WL 3964289, at *9 (D.N.J. Aug. 27, 2024) ("Petitioner may not challenge BOP's determination of his security classification and his PATTERN Score under the APA."); *Landis v. Moyer*, 610 F. Supp. 3d 649, 656 (M.D. Pa. 2022) ("Our court of appeals has held that Section 3625 effectively forecloses judicial review under the APA of prisoner claims challenging security classifications, housing designations, and similar decisions made by the BOP."), *aff'd*, No. 22-2421, 2024 WL 937070 (3d Cir. Mar. 5, 2024).  "Both security classifications and PATTERN scores are determined by BOP under §§ 3621 and 3624," *Kowalewski*, 2024 WL 3964289, at *9 (citations omitted), and consequently, the APA precludes judicial review of Plaintiff's scores, *see Smith v. Ray*, No. 5:24-cv-0131, 2024 WL 4298782, at *3 (N.D.W. Va. Sept. 26, 2024) (finding individual determinations under § 3624 are not reviewable); *Brown v. Holzapfel*, No. 5:24-cv-0062, 2024 WL 3264795, at *4 (S.D.W. Va. June 6, 2024) (concluding that 18 U.S.C. § 3625 prohibits judicial review of a prisoner's PATTERN score or recidivism risk level, which are determined under 18 U.S.C. §§ 3621(h) and 3624(g)(1)), *report*

5

*and recommendation adopted*, No. 5:24-cv-0062, 2024 WL 3258279 (S.D.W. Va. July 1, 2024); *Calloway v. Neely*, No. 7:23-cv-0084, 2024 WL 1515054, at *7 (N.D. Ala. Mar. 12, 2024) (noting per amendment to First Step Act, 18 U.S.C. § 3621(b), "a designation of a place of imprisonment under this subsection is not reviewable by any court"), *report and recommendation adopted*, No. 7:23-cv-84, 2024 WL 1514702 (N.D. Ala. Apr. 8, 2024).

*Second*, Plaintiff fails to state a due process claim because he has not "identif[ied] the denial of a liberty interest." *James v. Reno*, 39 F. Supp. 2d 37, 40 (D.D.C. 1999) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)), *aff'd*, No. 99-5081, 1999 WL 615084 (D.C. Cir. July 2, 1999) (per curiam). An inmate has no protected interest in his place of incarceration. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding prisoner has no constitutionally protected interest in the place of his confinement); *Woods v. Hawk-Sawyer*, No. 1:20-cv-1152, 2020 WL 6146876, at *3 (D.D.C. Oct. 20, 2020) ("Prisoners have no liberty interest in their place of incarceration."); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("Community correctional centers are low security institutions but still prisons, and inmates have no more claim to be sent there than they have to avoid commitment to maximum-security penitentiaries."). Similarly, an inmate has no protected interest in his security classification. *See Butler v. S. Porter*, 999 F.3d 287, 296 (5th Cir. 2021) (quoting *Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir. 1988) (per curiam)) (affirming district court's *sua sponte* dismissal of due process claim arising from placement in special housing unit and remarking, "[a]s a general rule, '[a]n inmate has neither a protectible property nor liberty interest in his custody classification'"); *Martinez v. Johnson*, 103 F. App'x 531, 532 (5th Cir. 2004) (per curiam) (finding that "prisoner does not have a constitutionally protected liberty interest in his classification or in remaining free from administrative segregation"); *Gigger v. Corr. Corp. of Am.*, 750 F. Supp. 2d 99, 101 (D.D.C. 2010) ("A prisoner has no constitutionally protected

6

interest in his place of confinement or security classification."); *Miller v. Fed. Bureau of Prisons*, 703 F. Supp. 2d 8, 16–17 (D.D.C. 2010) ("The due process claim necessarily fails because it is settled law that a prisoner does not have a liberty interest in his place of confinement or custody classification that can be redressed by the due process clause of the constitution.").

*Third*, Plaintiff has not stated an Equal Protection claim.  For starters, the Fourteenth Amendment does not apply to the federal government.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) (noting that "the Fourteenth Amendment . . . applies only to the states").  Even if the court were to construe the claim under the Fifth Amendment, the claim still fails because the complaint's conclusory allegations fall short of stating a viable Equal Protection claim.  "To prevail on his equal protection claim, [Plaintiff] would have to demonstrate that he was treated differently than similarly situated individuals and that [BOP's] explanation does not satisfy the relevant level of scrutiny."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1102-03 (D.C. Cir. 2005)) (citation omitted).

Plaintiff appears to make a distinction between the treatment of persons who commit "non-violent offense[s] while observing their Constitutionally protected 2nd Amendment right and those who were not observing their Constitutionally protected second amendment right and were convicted of a non-violent offense."  Compl. at 8.  He alleges "there is no rationale [sic] basis for the difference in treatment between [himself] and other similarly situated inmates," *id*., and denies having heard any rationale "suggest[ing] that the unequal treatment was not the result of intentional or purposeful discrimination," *id*.  Plaintiff does not allege that his offenses of conviction actually were exercises of Second Amendment rights, and it is not at all clear that the exercise of Second Amendment rights is relevant.

7

Elsewhere, Plaintiff distinguishes the "violent" use of a firearm "to intimidate, threaten, instill fear, coerce, strike with, fire or attempt to fire" from his purported "non-violent" sale of an unloaded rifle and gift of narcotics. Pl.'s Opp'n (ECF No. 20) at 4. According to Plaintiff, his "circumstances are overtly different" from those for whom a "violent" classification is warranted. *Id*. The relevant qualifier appears to be the offense of conviction, and Plaintiff does not allege that BOP treated other prisoners serving sentences under 18 U.S.C. §§ 922(g) and 924(c) more favorably than it treated him.

## IV.  CONCLUSION

For the reasons discussed, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants' motion to dismiss is granted, and Plaintiff's motion for expedited review is denied as moot.

A final, appealable order accompanies this Memorandum Opinion.

DATE: November 1, 2024            /s/
                                  AMIT P. MEHTA
                                  United States District Judge